**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (AT DAYTON)**

| | | |
|---|---|---|
| **KYLE D. ELAM, _individually and on behalf of other similarly situated employees_,** | * | Case No. 3:16-cv-204 |
| | * | |
| _Plaintiff,_ | * | |
| v. | * | **COMPLAINT** |
| **PLE SECURITY, INC.,** | * | |
| | | (JURY DEMANDED) |
| _Defendant._ | * | |

**PRELIMINARY STATEMENT**

1.     Plaintiff Kyle D. Elam ("Plaintiff"), individually and on behalf of other similarly situated employees, brings this action against Defendant PLE Security, Inc. for recovery of unpaid and underpaid overtime wages.  PLE maintained a company-wide policy that failed to include travel or ride time and shop time in Plaintiff and other similarly situated employees' hours worked for purposes of determining when to pay Plaintiff and other similarly situated employees one and one-half times their regular rates of pay, i.e., overtime compensation.  In this regard, Plaintiff, through both an individual claim and through a collective-action claim, seeks back pay, liquidated damages, and reimbursement of costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, _et seq._ and associated regulations).

**JURISDICTION & VENUE**

2.     This Court has subject matter jurisdiction under 29 U.S.C. § 216(b).

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because PLE maintains its principal place of business in Montgomery County, Ohio.

## PARTIES

4.      PLE employed Plaintiff from February 2016 until May 2016 and has employed other similarly situated employees during the last three years.

5.      Plaintiff was an "employee" of PLE as that term is defined in 29 U.S.C. § 203(e), as were other similarly situated employees.

6.      Plaintiff and other similarly situated employees, while employed by PLE, handled equipment, materials, and tools manufactured outside the State of Ohio or the United States.

7.      PLE is and was, while it employed Plaintiff and other similarly situated employees, a corporation incorporated under the laws of the State of Ohio.

8.      PLE was an "employer" of Plaintiff and other similarly situated employees as that term is defined in 29 U.S.C. § 203(d).

9.      PLE had, in fiscal years 2012, 2013, 2014, and 2015, gross revenues in excess of $500,000.00 per year and at least two employees performing work in the State of Ohio in each of those years.

10.     PLE, with respect to Plaintiff and other similarly situated employees, was required to comply with 29 U.S.C. § 201 *et seq.* under both individual- and enterprise-coverage principles.

## FIRST CLAIM FOR RELIEF

### *(Individual Action - FLSA Claim for Overtime)*

11.     Plaintiff re-alleges and incorporates the above allegations.

12.     Under 29 U.S.C. § 207, PLE was obligated to pay Plaintiff for hours worked after forty in each workweek at a wage rate of one and one-half times Plaintiff's regular

rate of pay for hours Plaintiff worked in excess of forty hours in each workweek.

13.     Plaintiff worked more than forty hours per workweek in seven different workweeks between February 2016 and May 2016.

14.     PLE willfully failed to include, pursuant to a company-wide policy, Plaintiff's travel or ride time in PLE company vehicles and shop time as hours worked for purposes of determining when Plaintiff was entitled to be paid one and one-half times his regular rate of pay, i.e., overtime compensation.

15.      PLE willfully failed to factor Plaintiff's travel or ride time and shop time in to Plaintiff's hours worked each workweek.

16.     PLE willfully failed to pay Plaintiff for hours he worked in excess of forty in a workweek at one and one-half times his regular rate of pay for the workweek.

17.     On a typical day working at PLE, Plaintiff and other similarly situated employees would report to the shop, clock in, perform work in the shop under the non-billable job code, leave the shop in a PLE company vehicle to travel to a jobsite under the travel time job code, work on jobsite under a project-specific job code, leave the jobsite in a PLE company vehicle to travel to another jobsite or back to the shop under the travel time job code, work in the shop under the non-billable job code, and clock out.

18.      Plaintiff's hours allocated to the travel time job code and non-billable job code were not always included as hours worked by PLE, pursuant to a company-wide policy, for purposes of determining if and when Plaintiff worked more than forty hours in a workweek, entitling him to overtime compensation.

19.     For the February 20, 2016 to February 26, 2016 workweek, Plaintiff worked 66 total hours, but was only paid one and one-half times his regular rate of pay, i.e.,

overtime compensation, for 16.75 hours worked after 40 instead of all 26 hours worked after 40 (i.e., 66 minus 40) because PLE characterized 9.25 hours worked as travel time hours and did not include those hours for purposes of paying overtime compensation, resulting in between $105.00 and $115.00 in back wages and between $105.00 and $115.00 in liquidated damages.

20.      For the February 27, 2016 to March 4, 2016 workweek, Plaintiff worked 44.25 total hours, but was not paid one and one-half times his regular rate of pay, i.e., overtime compensation, for 4.25 hours worked (i.e., 44.25 minus 40) because PLE characterized 3.75 hours worked as travel time hours and did not include those hours or an additional 0.50 shop time hours worked for purposes of paying overtime compensation, resulting in between $48.00 and $53.00 in back wages and between $48.00 and $53.00 in liquidated damages.

21.      For the March 5, 2016 to March 11, 2016 workweek, Plaintiff worked 51.25 total hours, but was not paid one and one-half times his regular rate of pay, i.e., overtime compensation, for 11.25 hours worked (i.e., 51.25 minus 40) because PLE characterized 11.50 hours worked as travel time hours and did not include those hours for purposes of paying overtime compensation, resulting in between $115.00 and $141.00 in back wages and between $115.00 and $141.00 in liquidated damages.

22.      For the March 12, 2016 to March 18, 2016 workweek, Plaintiff worked 48 total hours, but was not paid one and one-half times his regular rate of pay, i.e., overtime compensation, for 8 hours worked (i.e., 48 minus 40) because PLE characterized 3.75 hours worked as travel time hours and did not include those hours or an additional 4.25 shop time hours worked for purposes of paying overtime compensation, resulting in between

$88.00 and $100.00 in back wages and between $88.00 and $100.00 in liquidated damages.

23.     For the March 19, 2016 to March 25, 2016 workweek, Plaintiff worked 40.25 total hours, but was not paid one and one-half times his regular rate of pay, i.e., overtime compensation, for 0.25 hours worked (i.e., 40.25 minus 40) because PLE characterized 4.50 hours worked as travel time hours and did not include those hours for purposes of paying overtime compensation, resulting in between $2.00 and $4.00 in back wages and between $2.00 and $4.00 in liquidated damages.

24.     For the March 26 2016 to April 1, 2016 workweek, Plaintiff worked 48.50 total hours, but was only paid one and one-half times his regular rate of pay, i.e., overtime compensation, for 4.75 hours worked after 40 instead of 8.5 hours worked after 40 (i.e., 48.5 minus 40) because PLE characterized 3.75 hours worked as travel time hours and did not include those hours for purposes of paying overtime compensation, resulting in between $44.00 and $47.00 in back wages and between $44.00 and $47.00 in liquidated damages.

25.     For the April 2, 2016 to April 8, 2016 workweek, Plaintiff worked 49.25 total hours, but was not paid one and one-half times his regular rate of pay, i.e., overtime compensation, for 9.25 hours worked (i.e., 49.25 minus 40) because PLE characterized 9.50 hours worked as travel time hours and did not include those hours for purposes of paying overtime compensation, resulting in between $97.00 and $116.00 in back wages and between $97.00 and $116.00 in liquidated damages.

26.     In sum, depending on the sequence of the hours worked during the workweek and the damage calculation method used, PLE owes Plaintiff between $499.00 and $576.00 in back wages and $499.00 and $576.00 in liquidated damages, for a grand

total between $998.00 and $1,152.00 plus costs and attorneys' fees under 29 U.S.C. § 216(b).

27.     PLE does not qualify for an exemption from paying overtime rates to Plaintiff under 29 U.S.C. § 207; 29 U.S.C. § 213; or any other section of law.

28.     Because PLE has willfully failed to pay Plaintiff at least one and one-half times his regular rate of pay for all Plaintiff's hours worked (including travel or ride time and non-billable time) after forty in each workweek, PLE owes Plaintiff back wages, an equal amount in liquidated damages, costs, and reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF

*(Collective Action - FLSA Claim for Overtime)*

29.     Plaintiff re-alleges and incorporates the above allegations.

30.     Under 29 U.S.C. § 207, PLE was obligated to pay Plaintiff and similarly situated employees for hours worked after forty in each workweek at a wage rate of one and one-half times their regular rates of pay for hours they worked in excess of forty hours in each workweek.

31.     Plaintiff and similarly situated employees worked more than forty hours per workweek in several different workweeks within the last three years.

32.     PLE willfully failed to include, pursuant to a company-wide policy, Plaintiff and other similarly situated employees' travel or ride time in PLE company vehicles and shop time as hours worked for purposes of determining when Plaintiff and similarly situated employees were entitled to be paid one and one-half times their regular rates of pay, i.e., overtime compensation.

33.      PLE willfully failed to factor Plaintiff and other similarly situated employees'

travel or ride time and shop time in to hours worked each workweek.

34.     PLE willfully failed to pay Plaintiff and similarly situated employees for hours they worked in excess of forty in a workweek at one and one-half times their regular rates of pay for the workweek.

35.      All Plaintiff and similarly situated employees' hours allocated to the travel time job code and non-billable job code were not included as hours worked by PLE, pursuant to a company-wide policy, for purposes of determining if and when Plaintiff and similarly situated employees would work more than forty hours in a workweek, entitling them to overtime compensation.

36.     Plaintiff seeks to represent a class of all of PLE's hourly employees subject to the same company-wide policy within the last three years.

37.     PLE does not qualify for an exemption from paying overtime rates to Plaintiff and other similarly situated employees under 29 U.S.C. § 207; 29 U.S.C. § 213; or any other section of law.

38.     Because PLE has willfully failed to pay Plaintiff and other similarly situated employees at least one and one-half times their regular rates of pay for all hours worked (including travel or ride time and non-billable time) after forty in each workweek, PLE owes Plaintiff and similarly situated employees their back wages, an equal amount in liquidated damages, costs, and reasonable attorney's fees.

### DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that the Court enter an order as follows:

    a.     ordering conditional certification of this matter as a collective action and allowing Plaintiff to issue a notice and consent form to similarly situated employees;

b.    ordering PLE to pay to Plaintiff and similarly situated employees their back wages and liquidated damages under the FLSA and Ohio Rev. Code § 4113.15;

c.    ordering PLE to pay Plaintiff and similarly situated employees' attorneys' fees and costs;

d.    permitting a trial by jury on all claims, defenses, and issues; and

e.    awarding any other legal or equitable relief it deems just and proper.

Respectfully submitted,

MANGANO LAW OFFICES CO., L.P.A.

s/Ryan K. Hymore
Ryan K. Hymore (0080750) [TRIAL COUNSEL]
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff and Plaintiff Class*