# SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Kyle Elam v. PLE Security, Inc.*

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is entered into by and between **KYLE ELAM** (referred to as "Employee"), on the one hand, and **PLE SECURITY, INC.** (referred to as "Employer"), on the other hand.

## PART 1
## RECITALS

**1.1 THE CIVIL ACTION.** Employee filed a civil action against Employer in the United States District Court for the Southern District of Ohio (the "Court"), styled *Elam v. PLE Security, Inc.*, Case No. 3:16-cv-204 (hereafter, the "Civil Action").

**1.2 PURPOSE.** Employee and Employer (the "Parties") desire to settle all of Employee's claims alleged in the Civil Action, as well as any and all claims and disputes, known and unknown, that exist or might be claimed to exist by and between Employee and Employer (*see* Parts 3.1 and 3.2), including, but not limited to, claims of any nature that have been, or could have been, asserted that arise out of or relate to Employee's employment, terms and conditions of employment, separation from that employment or any other event, transaction, or communication by or between Employee or Employer.

**NOW, THEREFORE,** the Parties agree as follows:

## PART 2

**2.1 SETTLEMENT BENEFIT.** In consideration of the promises made by Employee in this Agreement:

**2.1.1** Employer agrees to pay to: (a) Employee the sum of $298.22 as back wages less applicable withholding and deductions and taxed as a quarterly payment of wages subject to IRS Form W-2 issued for payment of wages made in 2017 and (b) Employee's legal counsel, Mangano Law Offices Co., LPA, the sum of $4,601.78 as attorneys' fees, costs, and reimbursements without deduction subject to IRS Form 1099 issued for payment made in 2017.

**2.1.2** All of the foregoing constitutes the "Settlement Benefit," in the grand total amount of **$4,900.00**, none of which Employee or Employee's legal counsel would be entitled to receive but for this Agreement. The Settlement Benefit shall be paid by two checks and received within five (5) business days following the Effective Date of this Agreement (*see* Part 2.3) at Mangano Law Offices Co., LPA, 3805 Edwards Road, Suite 550, Cincinnati, Ohio 45209. Employer shall report its payment of the Settlement Benefit to Employee and Employee's legal counsel to the U.S. Internal Revenue Service. Employer and Employer's payroll provider shall specifically enter the $298.22 payment of back wages to Employee as a quarterly (as opposed to a weekly, biweekly, monthly, bimonthly, semiannual, or annual) payment of wages.

**2.2 COSTS AND FEES.** The Parties agree that the sum paid to Employee's legal counsel shall cover all attorneys' fees and costs incurred by Employee in this litigation.

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Kyle Elam v. PLE Security, Inc.*

**2.3 EFFECTIVE DATE.** Employee's signing of this Agreement shall constitute Employee's execution of this Agreement. Except as otherwise provided herein, the "Effective Date" of this Agreement shall be the date on which the Court approves this Agreement by way of an order.

## PART 3

**3.1 GENERAL RELEASE BY EMPLOYEE.** In consideration of the Settlement Benefit, the sufficiency of which Employee acknowledges, Employee hereby settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, or causes of action, known or unknown, which Employee has or may have against Employer and/or Employer's subsidiaries, affiliates, divisions, related corporations, limited liability corporations, partnerships, insurers, successor and predecessor entities, and each of their respective current and former directors, officers, shareholders, partners, members, agents, attorneys, contractors, and representatives (collectively, all of the foregoing constitute the "Released Parties"), including, but not limited to, all claims alleged in the Civil Action and all claims arising from or relating to Employee's employment with Employer, the terms and conditions of that employment, including compensation, Employee's separation from that employment and any other event, transaction, or communication by or between Employee or any Released Party.

**3.1.1** Employee hereby forever releases, acquits, holds harmless, and discharges the Released Parties from any and all claims, demands, actions, causes of action, obligations, damages, penalties, costs and expenses (including attorneys' fees and legal costs beyond the amount paid to Employee's legal counsel in Part 2.1.1), known or unknown, contingent or otherwise, whether specifically mentioned or not, that Employee now has or has had or which might be claimed to exist at or prior to the Effective Date of this Agreement (*see* Part 2.3).

**3.1.2** Employee expressly acknowledges and agrees that this General Release settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, and causes of action, known or unknown, that Employee has or may have against any current or former director, officer, shareholder, partner, member, agent, attorney, contractor, or representative of Employer in such person's individual and representative capacities. Employee acknowledges that, by signing this Agreement, Employee may be giving up some claim, demand, or cause of action that Employee may now have, whether known or unknown.

**3.1.3** This General Release includes, but is not limited to, the release of any and all claims or charges that Employee has, or could have, filed against any Released Party with any federal, state or local court of law or equity, the United States Equal Employment Opportunity Commission, the United States Department of Labor, the Ohio Bureau of Labor and Worker Safety, the Ohio Civil Rights Commission, or any other federal, state or local agency under: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Civil Rights Act of 1991, P.L. 102-166; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Kyle Elam v. PLE Security, Inc.*

Rights Act of 1871, 42 U.S.C. § 1983; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*; the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d) and 216(b); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634, as amended by the Older Workers' Benefit Protection Act, P.L. 101-433; the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Occupational Safety and Health Act, 29 U.S.C. §§ 651-678; the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.*; the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*; the Labor Management Relations Act, 29 U.S.C. §141, *et seq.*; the Ohio Civil Rights Act, R.C. § 4112.01, *et seq.*; the Ohio Minimum Fair Wage Standards Act, R.C. § 4111.01, *et seq.*; Article II, Section 34a of Ohio's Constitution; Ohio's Workers' Compensation Retaliation statute, R.C. § 4123.90; the Ohio Occupational Safety and Health Act, R.C. § 4123.90, *et seq.*; federal, state and local occupational, safety and health laws; and any other claims of employment discrimination, disparate treatment, hostile work environment, sexual, racial or other unlawful harassment, retaliation, whistle-blowing, intentional or negligent infliction of emotional distress, defamation, invasion of privacy, tortious interference with contractual relations, wrongful discharge, constructive discharge, outrage, promissory estoppel, claims or demands arising under either express or implied contract, breach of contract, tort, public policy, the common law or any federal, state or local statute, ordinance, regulation or constitutional provision (including, but not limited to, the laws of the State of Ohio), and all other liabilities, suits, union or other grievances, debts, claims for lost wages or benefits, overtime, unpaid wages or benefits, back pay, front pay, compensatory or punitive damages, actual damages, consequential damages, incidental damages, damages for emotional distress, damages for humiliation or embarrassment, contractual damages, penalties, damages in *quantum meruit*, expectation or for detrimental reliance, injunctive relief, severance pay, costs, reinstatement, attorneys' fees, business expenses, commissions, bonuses, incentive compensation, vacation pay, pension benefits, payment or reimbursement under any health insurance or other employee benefit plan or agreement, insurance premiums or other sums of money, grievances, expenses, demands, and controversies of every kind and description, whether liquidated or unliquidated, known or unknown, contingent or otherwise and whether specifically mentioned or not, against any Released Party that Employee now has or has had or that may exist or that might be claimed to exist at or prior to the Effective Date of this Agreement (*see* Part 2.3). Employee specifically waives any claim or right to assert that any cause of action, alleged cause of action, claim, demand, charge, or other right of Employee has been, through design, oversight, or error, intentionally or unintentionally, omitted from this Agreement.

    **3.1.4** With respect to any rights that Employee may have or has had under the FLSA, Ohio's Minimum Fair Wage Standards Act and the Minimum Wage Amendment to Ohio's Constitution, or any of them, Employee acknowledges and avers that he has received all compensation to which he is entitled, including regular and overtime wages, and that Employer has now paid such wages to him, in full compliance with same.

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Kyle Elam v. PLE Security, Inc.*

**3.1.5** Employee certifies and warrants that he, through receipt of the Settlement Benefit, has been appropriately paid for all time worked.

**3.2** **GENERAL RELEASE BY RELEASED PARTIES.** In consideration of the Dismissal and Release of Claims (*see* Part 4) the sufficiency of which Released Parties acknowledge, Released Parties hereby settle, waive, release, and discharge any and all legal and equitable claims, demands, actions, or causes of action, known or unknown, which Released Parties have or may have against Employee.

**3.2.1** Released Parties hereby forever release, acquit, hold harmless, and discharge Employee from any and all claims, demands, actions, causes of action, obligations, damages, penalties, costs and expenses (including attorneys' fees and legal costs), known or unknown, contingent or otherwise, whether specifically mentioned or not, that Released Parties now have or have had or which might be claimed to exist at or prior to the Effective Date of this Agreement (*see* Part 2.3).

**3.2.2** Released Parties expressly acknowledge that, by signing this Agreement, Released Parties may be giving up some claim, demand, or cause of action that Released Parties may now have, whether known or unknown.

### PART 4

**4.1** **DISMISSAL OF CLAIMS.** Employee represents and certifies that, with the exception of the Civil Action, Employee does not have any pending complaint, charge, or other action against any Released Party in any local, state, or federal court, or with any local, state, or federal administrative agency or board, relating to any event occurring prior to or on the Effective Date of this Agreement (*see* Part 2.3). In exchange for the Settlement Benefit (*see* Part 2.1), Employee makes the promises contained in this PART 4.

**4.2** **COMPLETE RELEASE.** It is the specific intent and purpose of this Agreement to release and discharge Employer from liability for any and all claims, employment discrimination charges, retaliation claims, and causes of action of every kind and nature whatsoever, whether known or unknown and whether or not specifically mentioned herein, which may exist or might be claimed to exist against Employer at or prior to the Effective Date of this Agreement (*see* Part 2.3), and Employee specifically waives any claim or right to assert that any cause of action or alleged cause of action or charge has been, through design, oversight, or error, intentionally or unintentionally, omitted from this Agreement.

**4.2.1** Employee expressly agrees that this Agreement shall extend and apply to all unknown, unsuspected, and unanticipated injuries and damages, as well as to those that are known, suspected, anticipated, or disclosed as of the Effective Date of this Agreement (*see* Part 2.3). Employee expressly agrees that any and all facts, circumstances, and events occurring prior to the Effective Date of this Agreement cannot and shall not be used by Employee as part of any future proceeding against Employer.

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Kyle Elam v. PLE Security, Inc.*

**4.3.2 NO REINSTATEMENT OR REAPPLICATION.** Employee agrees not to attempt to procure employment or seek reinstatement with the Released Parties at any time, now or in the future, either as an employee, an independent contractor or in any other capacity.

**4.4 NON-ADMISSION.** Employee agrees that this Agreement is entered into as a full and final settlement of any and all claims, demands, actions, and causes of action, known or unknown, which Employee has or may have against any and all Released Parties, and shall

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Kyle Elam v. PLE Security, Inc.*

not be construed in any manner as an admission of any liability or obligation on the part of any Released Party. Employee further agrees that the offer of this Agreement to Employee cannot be construed as an admission of liability and, if rejected or revoked by Employee, both this document and any communications relating to it are inadmissible by Employee in any legal proceeding brought by or on behalf of Employee.

4.5 **CLAIMS NOT ASSIGNABLE.** Employee represents and warrants that no person other than Employee is authorized or entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct toward Employee by any Released Party, including, but not limited to, any and all claims for attorneys' fees or damages resulting from or based upon, or seeking relief on account of, any act or omission by any Released Party that may have occurred or failed to occur prior to Employee's execution of this Agreement. Employee agrees that Employee has not assigned and shall never assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, Employee will cooperate fully with the Released Parties and will move immediately to withdraw Employee's name and to disassociate Employee's self completely from such claim, will request such person or entity to withdraw such claim with prejudice and will not voluntarily cooperate with or testify on behalf of the person or entity prosecuting such claim.

4.6 **LEGAL RIGHTS; SEVERABILITY.** This Agreement shall be binding on and inure to the benefit of the Parties' legal representatives, heirs, successors, and assigns. The Parties shall have all of the rights and remedies available at law and equity to enforce their respective rights under this Agreement. No action by either Party shall be taken as a waiver of its right to insist that the other Party abide by the obligations under this Agreement, unless such waiver is in writing, expressly waives such rights, and is signed by legal counsel for the Party making such waiver. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions shall not be affected thereby and any illegal, invalid, or unenforceable part, term, or provision shall be deemed not to be a part of this Agreement. In such event, the Parties agree that such court may impose any lesser restrictions it finds appropriate to protect the interests of Employee or any Released Party.

4.7 **CHOICE OF LAW.** This Agreement is made and entered into in the State of Ohio, and shall in all respects be interpreted, enforced, and governed by the laws of the State of Ohio. The language of all parts of this Agreement shall in all cases be interpreted as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

4.8 **CHOICE OF FORUM.** Employee and Employer consent to the exclusive jurisdiction of either the State or Federal courts located in Montgomery County, Ohio, and agree to waive any argument of lack of personal jurisdiction or *forum non-conveniens* with respect to any claim or controversy arising out of or relating to this Agreement, Employee's employment with Employer, Employee's separation from that employment, or any other contact or communication involving Employee and any Released Party.

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Kyle Elam v. PLE Security, Inc.*

**4.9     ENTIRE AGREEMENT.**  This Agreement constitutes and sets forth the entire agreement between the Parties and supersedes any and all prior and contemporaneous oral or written agreements or understandings between them.  The Parties agree that no representation, promise, inducement, or statement of intention has been made by another that is not expressly set forth in this Agreement.  No party hereto shall be bound by, or liable for, any alleged representation, promise, inducement, or statement of intention not expressly set forth in this Agreement.  This Agreement cannot be amended, modified, or supplemented in any respect, except by a subsequent written agreement signed by all Parties.

**4.9.1     JUDICIAL APPROVAL.**  The effectiveness of this Agreement is contingent upon the Court's granting of the Parties' oral or written Joint Motion for Approval of the Settlement Agreement, except that if the Court rejects paragraphs 4.3.1, 4.3.1.1, and 4.3.1.2, or any one of those paragraphs, the remainder of the Agreement is still effective, and the Parties promptly shall strike such provisions and re-submit the Agreement, with all relevant portions stricken, to the Court within three (3) business days of receiving notice of the Court's rejection.

**4.10     COUNTERPARTS.**     This Agreement shall become effective immediately following execution by each of the Parties.  This Agreement may be executed in counterparts, in which case, upon delivery, each such counterpart shall be sufficient as against the Party or Parties executing it.  This Agreement may be executed by written, facsimile, or electronic means.

**4.11     ATTORNEYS OF RECORD.**  For the purposes of this Agreement, the attorneys of record are:

**For Employee**
Ryan Hymore
Mangano Law Offices, Co., LPA
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
Tel: 513.255.5888
Email: rkhymore@bmanganolaw.com

**For Employer**
Bricker & Eckler LLP
Beverly A. Meyer
312 N. Patterson Blvd., Suite 200
Dayton, Ohio 45402
Tel:  937.224.1849
Email: bmeyer@bricker.com

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Kyle Elam v. PLE Security, Inc.*

IN WITNESS WHEREOF, the Parties hereunto have caused this Settlement Agreement to be duly executed this _____ day of April 2017.

**KYLE ELAM**

_____
Kyle Elam (May 18, 2017)

Date: May 18, 2017

Adobe Sign Transaction Number: CBJCHBCAABAATYX2uJ3e_YYoh6r3ICRCUApYdtaR5Cx6

**PLE SECURITY, INC.**

_____

By Its: President

Date: May 18, 2017